# EXHIBIT A

Andrew R. Wolf, Esq. – NJ Attorney ID No. 018621995
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 - Suite 101
North Brunswick, NJ 08902
Tel. 732-545-7900; Fax 732-545-1030

Christopher J. McGinn, Esq. – NJ Attorney ID No. 40832001
THE LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400; Fax 800-931-2408
*Attorneys for Plaintiff and the putative class*

CLERK
N.J. SUPER
MIDDLESEX

2014 FEB -6

FILED & REC.

| | |
|---|---|
| MARYAM QURESHI on behalf of herself and others similarly situated,<br><br>             Plaintiffs,<br><br>vs.<br><br>OPS 9, LLC and Anurag Sett,<br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>Docket No.: MID-L- 6069 -14<br>CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

## NATURE OF THE ACTION

1.      Plaintiff brings this action on behalf of herself and others similarly situated against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Defendants violated the FDCPA by using false, deceptive, unfair, unconscionable, and misleading representations and means in attempts to collect alleged debts.

2.      In the default judgment applications filed against Plaintiff and other New Jersey consumers, Defendants misrepresented the nature and amount of the alleged debts, made allegations, which they knew or should have known to be false, misidentified and concealed the original creditors, and failed to identify the chain of assignment chain.

3.      Defendants violated New Jersey Court Rule 6:6-3, which requires that the default judgment application of an assigned claim include an affidavit specifying the name of the original creditor and the full chain of the assignment of the claim.

Page 1 of 15

4.    Defendants violated Court Rule 6:3-2(b) which requires that the caption in an action to collect an assigned claim name both the original creditor and the current assignee.

5.    Defendants violated Court Rule 1:38-7 which prohibits filing documents with the Court that include confidential personal identifiers as defined in R. 1:38-7(a) in any document or pleading "unless otherwise required by statute, rule, administrative directive, or court order; provided, however, that an active financial account number may be identified by the last four digits when the financial account is the subject of the litigation and cannot otherwise be identified".   Under the Rule, an active financial account number is a confidential personal identifier.

<u>JURISDICTION AND VENUE</u>

6.    This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. §1692 *et seq.* pursuant to 15 U.S.C. §1692k(d).

7.    Venue is proper in Middlesex Union County because Defendants do business there and it is the location of the residence of Plaintiff Qureshi.

<u>PARTIES</u>

8.    Plaintiff Maryam Qureshi resides in Piscataway, New Jersey.

9.    Defendant OPS 9, LLC ("OPS 9") is a limited liability company with a principal business address of 5755 Northpoint Parkway, Suite 12, Alpharetta, Georgia.

10.   OPS 9 is registered as a limited liability company with the Georgia Secretary of State.

11.   Defendant Anurag Sett is the president of OPS 9.

12.   Defendant Anurag Sett is the registered agent of OPS 9.

13.   Defendant Anurag Sett resides in Dunwoody, Georgia.

<u>FACTUAL ALLEGATIONS</u>

14.   Plaintiff and others similarly situated are natural persons allegedly obligated to pay a debt

incurred primarily for personal, family or household purposes.

15.     Defendants regularly collect and/or attempt to collect debts which were incurred primarily for personal, family or household purposes, owed, due and/or asserted to be owed or due to another.

16.     The debts that Defendants regularly collect and/or attempt to collect were incurred by Plaintiff and others similarly situated primarily for personal, family and/or household purposes.

17.     Defendants regularly use the mail, telephone or other instruments of interstate commerce in their collection of and/or attempts to collect debts.

18.     OPS 9's business includes purchasing consumer debts and attempting to collect those debts.

19.     In the past three years, OPS 9 has filed more than 1,000 debt collection lawsuits against New Jersey residents. In those lawsuits where applications for default judgments were filed with the Court, Defendant Sett's name appears as the person signing the certifications of proof in support of default judgment applications filed with the Court on behalf of OPS 9.

20.     Defendant Sett is the founder owner of Orion Portfolio Services, LLC, a company that buys consumer debts in order to attempt to collect that debt.

21.     In the year prior to the filing of this Complaint, Defendants have filed more than 100 default judgment applications against New Jersey consumers.

22.     In January of 2013, OPS 9 filed a Complaint in New Jersey Superior Court against Ms. Qureshi. A copy of the OPS 9 Complaint is attached as Exhibit A. A copy of the check attached to the Complaint is attached as Exhibit B. Plaintiff's counsel in this matter has redacted this exhibit.

23.     Attached to the Complaint was a copy of the front and back of a check that Plaintiff wrote to Tiffany's dated January 30, 2009 in the amount of $401.25. Plaintiff's bank account

number is fully visible. The reverse of the check indicated that the check was apparently dishonored in February of 2009. The Complaint purports to collect a debt alleged owed from a check written to Tiffany's. Ms. Qureshi had written the check to purchase goods for personal use.

24.    Paragraph #1 of the Complaint states that "[o]n or about January 30, 2009 Defendant issued and negotiated his/her check in writing and directed to Plaintiff or its assignor and thereby required the drawee bank to pay the sum of $953.56 to the endorser or its assigns." This statement is factually inaccurate in several respects.

25.    The drawee bank was not required to pay the sum of $953.56. The check in question was written in the amount of $401.25. The $953.56 amount that the Complaint states was to be paid to the drawee bank is $552.31 greater than the amount for which the check was written ($401.25). Ms. Qureshi did not issue, negotiate, or direct the check to OPS 9 or any assignor of OPS 9. OPS 9 did not assign the check or any claim on the check to any person or entity.

26.    Paragraph #2 of the Complaint states that OPS 9 "lawfully by endorsement came into possession of said check for value". OPS 9 did not come into possession of the check by endorsement. The check was endorsed to Tiffany's.

27.    Paragraph #3 of the Complaint states that the check was presented to the drawee bank for payment after OPS 9 came into possession of the check. The check was not presented to the drawee bank for payment after OPS 9 came into possession of the check.

28.    The Complaint makes a demand for judgment in the amount of "$953.56 together with interest and costs of suit". The Complaint purports to obtain only the amount that the drawee bank was required to pay, which is identified in the Complaint as $953.56.

29.    The phrase "Complaint on Contract" is in the caption of the Complaint, which does not reference any New Jersey law.

Page 4 of 15

30.     Though the Complaint does not say so, OPS 9 was seeking hundreds of dollars in damages pursuant to N.J.S.A. 2A:32A-1. The Complaint was filed after the statute of limitations for filing such an action had expired.

31.     At no time prior to the filing of the Complaint was Ms. Qureshi sent a demand for payment of the check.

32.     At no time prior to the filing of the Complaint was Ms. Qureshi sent a demand for payment of the check that was mailed by or on behalf of a payee by certified mail to her last known address.

33.     At no time prior to the filing of the Complaint against her was Ms. Qureshi sent a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi's last known address.

34.     At no time prior to the filing of the Complaint against her did Ms. Qureshi receive a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi's last known address.

35.     At no time prior to the Complaint against her did OPS 9 send Ms. Qureshi a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi's last known address.

36.     Prior to filing the Complaint against Ms. Qureshi, OPS 9 did not have knowledge of Ms. Qureshi having been sent a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi.

37.     Ms. Qureshi's complete and unredacted active bank account number is plainly visible on the front and back of the copy of the check attached as an exhibit to the OPS Complaint and filed with the Court as a public record.

38.     On or about March 8, 2013, OPS 9 filed an application for a default judgment against Ms. Qureshi. Included in the application for a default judgment was a Certification of Proof, a copy of

which is attached as Exhibit C.

39.  Defendant Sett signed the Certification of Proof.

40.  In the Certification of Proof Defendant Sett states that the statements in his Certification are "true to the best of" his "knowledge and belief" and that Ms. Qureshi owed OPS 9 "the sum of $953.56".

41.  A document titled "Statement of Account Balance" was an exhibit to the Certification of Proof. A copy of the Statement of Account Balance is attached as Exhibit D.

42.  Defendant Sett reviewed the Statement of Account Balance before it was filed with the Court.

43.  The Statement of Account Balance states that the "Debtor Balance" and "Total Due" was $953.56. This amount was itemized as follows:

   $21.31 as a "Statutory Attorney Fee";

   $6 charged as "Mailing Cost";

   $500 charged as "Damages";

   $25 charged as "NSF Fee"; and

   $401.25 charged as "Original Check Amount".

44.  The Statement of Account Balance also includes "Statutory attorney's fees, court costs, mailing cost of written demand and damages as provided for in NJ Stat. Ann. 2A:32A-1."

45.  A copy of the check that was attached as an exhibit to the Complaint also was attached to the Certification of Proof, except that on this copy of the check the bank account number is redacted on the front of the check (though the copy of the bank account is still plainly visible on the reverse side of the check). A copy of the check that was filed with the default judgment application is attached as Exhibit E. Plaintiff's counsel in this matter has redacted this exhibit.

46.  Ms. Qureshi's complete and unredacted active bank account number is plainly visible on the

back of the copy of the check attached to the application for a default judgment.

47.     Ms. Qureshi's bank account on which the check was drawn was active during the period from the date of the check and has remained active from that day through the day this Complaint was filed.

48.     At no time prior to the filing of the Complaint did OPS 9 send Ms. Qureshi a demand for payment of the check.

49.     At no time prior to the filing of the Complaint did OPS 9 send Ms. Qureshi a demand for payment of the check that was mailed by or on behalf of a payee by certified mail to her last known address.

50.     At no time prior to the filing of the Complaint did OPS 9 send Ms. Qureshi a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi's last known address.

51.     At no time prior to the filing of the Complaint did Ms. Qureshi receive a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c).

52.     At no time prior to the filing of the Complaint against her did Certegy Check Services, Inc., the alleged assignor of the check, or any other person or entity send Ms. Qureshi a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) on behalf of a payee by certified mail to Ms. Qureshi's last known address.

53.     At no time prior to the filing of the Complaint against her did Certegy Check Services, Inc. or any other person or entity send Ms. Qureshi a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c).

54.     Prior to filing the Complaint against Ms. Qureshi, OPS 9 did not have knowledge of Ms. Qureshi having been sent a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c) that was mailed by or on behalf of a payee by certified mail to Ms. Qureshi.

55.     Prior to the filing of the default judgment application, OPS 9 did not have knowledge of Ms. Qureshi having been sent a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c).

56.     Prior to the filing of the default judgment application, Defendant Sett did not have knowledge of Ms. Qureshi having been sent a demand for payment of the check in the form required by N.J.S.A. 2A:32A-1(c).

57.     At the time the application for a default judgment was filed Ms. Qureshi did not owe OPS 9 a $23.31 "Statutory Attorney Fee", a $6 "Mailing Cost" fee, $500 in "Damages", or a $25 "NSF Fee".

58.     At the time the application for a default judgment was filed, Ms. Qureshi did not owe OPS 9 $401.25 as the "Original Check Amount".

59.     OPS 9 failed to redact the bank account numbers on the copies of numerous other checks filed as exhibits to complaints in New Jersey Superior Court. At the time these checks were filed, OPS 9 did not know if the defendant's bank account was active as of the time of filing of the Complaint.

60.     OPS 9 failed to redact the bank account numbers on the copies of numerous other checks filed with applications for default judgments filed in New Jersey Superior Court. At the time these checks were filed, OPS 9 did not know if each defendant's bank account was active as of the time of filing of the default judgment application.

61.     Defendant Sett failed to redact the bank account numbers on the copies of numerous other checks that were filed with applications for default judgments filed in New Jersey Superior Court. At the time these checks were filed, Defendant Sett did not know if each defendant's bank account was active as of the time of filing of the default judgment application.

62.     The OPS 9 applications for default judgments filed in New Jersey Superior Court against

Page 8 of 15

Ms. Qureshi and numerous other consumers did not identify the original creditor or the full chain of the assignment of the claim.

63.     Defendants used the same procedures in preparing and filing the applications for default judgment against Ms. Qureshi as when they filed applications for default judgment against others similarly situated to Plaintiff.

64.     The applications for default judgments that OPS 9 filed against Ms. Qureshi and those similarly situated included a "Statement of Account Balance" which: a) misrepresented the amount of the alleged debts; b) included amounts not owed; and c) indicated the amount of alleged debt demanded included amounts for "Damages", "NSF Fee", "Mailing Cost", and "Statutory Attorney's fees".

65.     In each of the OPS 9 default judgment applications filed in the New Jersey Superior Court in the one year prior to this Complaint being filed, Defendant Sett's name appears as the signor on the Certification of Proof.

66.     In each of the OPS 9 default judgment applications filed in the New Jersey Superior Court in the one year prior to this Complaint being filed, Defendant Sett's signed the Certification of Proof.

67.     OPS 9 has used template forms the same or similar to the Complaint and the default judgment applications filed against Ms. Qureshi and others similarly situated in the one year prior to the filing of this Complaint.

68.     In the past three years OPS 9 has filed more than 1,000 debt collection lawsuits against New Jersey residents.

## CLASS ALLEGATIONS

69.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of

herself and others similarly situated and seeks certification of a Class initially defined as follows:

> Each person against whom OPS 9 filed an application for a default judgment in the New Jersey Superior Court at any time on or after the day one year prior to the date this Complaint is filed where A) no judgment was entered and/or b) that person's unredacted active financial account number was on a document that was filed as part of the default judgment application.

70.   The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

71.   There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include but are not limited to:

    a.   Whether Defendants are debt collectors under the FDCPA.

    b.   Whether Defendants filed applications for default judgment that misrepresented the amount of the alleged debt and whether this constitutes a violation of the FDCPA.

    c.   Whether Defendants filed applications for default judgment that misrepresented the nature of the alleged debt and whether this constitutes a violation of the FDCPA.

    d.   Whether Defendants filed applications for default judgments which sought statutory damages under N.J.S.A. 2A:32A-1 when that statute's pre-action notice required by that statute was not sent to the consumer and whether this constitutes a violation of the FDCPA.

    e.   Whether Defendants filed applications for default judgment where the application did not name in its caption both the original creditor and the current assignee of the assigned claim and whether this constitutes a violation of the FDCPA.

    f.   Whether Defendants filed applications for default judgment without setting forth with specificity the name of the original creditor and/or the full chain of the assignment of the claim and whether this constitutes a violation of the FDCPA.

    g.   Whether Defendants filed unredacted personal identifiers as defined by Rule 1:38-7(a) on documents filed with the Court whether this constitutes a violation of the FDCPA.

    h.   What is the proper measure and appropriate statutory formula to be applied in determining the damages owed by Defendants to Plaintiff and the Class.

72.   Plaintiff's claims are typical of the claims of the members of the Class that she represents because all such claims arise out of the same policies, practices and/or conduct, and the same or similar documents used by Defendants in dealings with Plaintiff.

73.   Plaintiff has no interest antagonistic to those of the Class.

74.   The Class, of which Plaintiff is a member, is readily identifiable.

75.   Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.

76.   Plaintiff's attorneys have been appointed to serve as class counsel in numerous consumer class actions, including but not limited to cases brought under the FDCPA.

77.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

78.   The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

79.   The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action, or the prosecution of separate actions by individual members of the Class would create the risk that adjudications with respect to individual members of the Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

80.   Defendants have acted, or refused to act, on grounds generally applicable to Plaintiff and all class members, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Class as a whole.

81.   A class action will cause an orderly and expeditious administration of the claims of the Class, and will foster economies of time, effort and expense.

82.   Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS ACTION CLAIMS

### FIRST COUNT
### Violations of the FDCPA

83.   Plaintiff, on behalf of herself and others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length herein.

84.   Plaintiff and others similarly situated are "consumers" as defined at 15 U.S.C. §1692(a)(3).

85.   The debts which Plaintiff and others similarly situated were allegedly obligated to pay are "debts" as defined at 15 U.S.C. §1692(a)(5), and are therefore subject to the provisions and requirements of the FDCPA.

86.   Defendants are "debt collectors" as defined at 15 U.S.C. §1692(a)(6).

87.   The collection complaints and default judgment applications filed by Defendants against Plaintiff and others similarly situated were attempts to collect an alleged debt.

88.   The collection complaints and default judgment applications filed by Defendants against Plaintiff and others similarly situated demanded amounts not owed at the time the complaints and default judgment applications were filed.

89.   Defendants failed to accurately identify the amount of the debt allegedly owed by Plaintiff and those similarly situated.

90.   By misrepresenting the amount of the alleged debt and demanding amounts not owed, Defendants violated 15 U.S.C. §1692, et seq. of the FDCPA in connection with collection

attempts against Plaintiff and others similarly situated including:

    a.  15 U.S.C. §1692e and §1692e(10) by using any false, deceptive or misleading representation or means in connection with the collection of a debt from Plaintiff and others similarly situated;

    b.  15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any alleged debts owed by Plaintiff and others similarly situated;

    c.  15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated; and

    d.  15 U.S.C. §1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

91.    By failing to identify the original creditor and all assignees in the default judgment applications filed against Plaintiff and others similarly situated, Defendants violated New Jersey Court Rule 6:6-3, which requires that the deficiency judgment application of an assigned claim include an affidavit specifying the name of the original creditor and the full chain of the assignment of the claim.

92.    By failing to include the original creditor and current assignee in the caption of the default judgment applications filed against Plaintiff and other similarly situated, Defendants violated Court Rule 6:3-2(b) which requires that the caption in an action to collect an assigned claim name both the original creditor and the current assignee.

93.    By including the compete and unredacted active financial account numbers in documents attached to the default judgment applications filed against Plaintiff and others similarly situated, Defendants violated Court Rule 1:38-7, which prohibits the submission of documents to the Court that include confidential personal identifiers as defined in R. 1:38-7(a) in any document or pleading, "unless otherwise required by statute, rule, administrative directive, or court order; provided, however, that an active financial account number may be identified by the last four digits when the financial account is the subject of the litigation and cannot otherwise be

identified". Rule 1:38-7(a) states that a confidential personal identifier includes an active financial account number.

94. By filing unredacted personal identifiers on documents filed with the Court, Defendants' certification of compliance with Rule 1:38-7 was a false representation.

95. By violating each of the foregoing New Jersey Court Rules, Defendants violated 15 U.S.C. §1692, et seq. of the FDCPA, including:

    a. 15 U.S.C. §1692e and §1692e(10) by using a false, deceptive or misleading representation in its efforts to collect alleged debts from Plaintiff and others similarly situated;

    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the legal status of any alleged debts owed by Plaintiff and others similarly situated;

    c. 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated;

    d. 15 U.S.C. §1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law; and

    e. 15 U.S.C. §1692n by failing to comply with the laws of the State of New Jersey with respect to debt collection practices.

96. Defendant thereby violated the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

    WHEREFORE, Plaintiff, on behalf of herself and others similarly situated, demands judgment, joint and severally, against the Defendants as follows:

    a. An order certifying this matter as a class action under Rule 4:32-1(b)(3), appointing Plaintiff as class representative and her attorneys as class counsel;

    b. A declaratory judgment that Defendants violated the FDCPA;

    c. A judgment for maximum statutory damages under the FDCPA and all other applicable statutes;

d.    A judgment for reasonable attorney's fees and costs of suit in connection with this

action, pursuant to 15 U.S.C. §1692 k(a)(3);

e.    A judgment for pre-judgment and/or post-judgment interest; and

f.    A judgment for such other and further relief as Plaintiff and others similarly

situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for
Plaintiff in the above matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in
controversy is not the subject of any other action pending in any court or the subject of a pending
arbitration proceeding, except that Ms. Qureshi is a named Plaintiff in a class action against
Faloni & Associates et al., Docket No. MID-L-7880-13 involving similar claims as alleged here
and is a Defendant in the OPS 9 collection lawsuit against Ms. Qureshi, Docket No. MID-DC-
001223-13.

Christopher J. McGinn, Esq. – NJ
Attorney ID No. 40832001
THE LAW OFFICE OF CHRISTOPHER J. McGINN
75 Raritan Ave. - Suite 220
Highland Park, NJ 08904
Tel. 732-937-9400; Fax 800-931-2408
*Attorneys for Plaintiff*

Dated: February 5, 2014

# Exhibit A

RECEIVED    WEDNESDAY 1/23/2013 3:32:50 PM 10047676          FILED Jan 23, 2013

**FALONI & ASSOCIATES, LLC**
165 PASSAIC AVE, SUITE 301B
FAIRFIELD, NJ 07004
973-226-2525
ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
SPECIAL CIVIL PART

DOCKET NO. **DC-001223-13**

OPS 9, LLC
                        Plaintiff

vs.

MARYAM QURESHI                    **COMPLAINT ON CONTRACT**

                        Defendant

OPS 9, LLC, whose business address is5755 NORTHPOINT PARKWAYSUITE
12, ALPHARETTA, GA 30022 complaining of the defendant says that:

1.  On or about January 30, 2009 Defendant issued and negotiated
his/her check in writing and directed to Plaintiff or its assignor
and thereby required the drawee bank to pay the sum of $953.56 to
the endorser or its assigns.

2.  The Plaintiff lawfully by endorsement came into possession of
said check for value.

3.  Such check was thereafter duly presented to the drawee bank for
payment, but was not paid, of all of which the due notice was given
to defendant.

4.  No part of the check has since been paid.

WHEREFORE, Plaintiff demands judgment against the defendant for
$953.56 together with interest and costs of suit.

**CERTIFICATION**
I certify that the above matter in controversy is not the
subject of any other court action or arbitration proceeding now
pending or contemplated, and that no other parties should be joined
in this action. I certify that confidential personal identifiers
have been redacted from documents now submitted to the court, and
will be redacted from all documents submitted in the future in
accordance with *Rule* 1:38-7(b).

FALONI & ASSOCIATES, LLC
**s/David A. Faloni**
DAVID A. FALONI, ESQ.
**Attorney for Plaintiff**

Dated: January 23, 2013

DEFENDANT'S ADDRESS
File No. OPS04208
MARYAM QURESHI
438 LANCASTER CT
PISCATAWAY NJ 08854

ADDRESS OF THE COURT
MIDDLESEX COUNTY SPECIAL CIVIL PART
1 KENNEDY SQUARE
NEW BRUNSWICK, NJ 08903
732/519-3679

# Exhibit B



# Exhibit C



**FALONI & ASSOCIATES, LLC**
165 PASSAIC AVE. SUITE 301B
FAIRFIELD, NJ 07004
(973) 226-2525
ATTORNEYS FOR PLAINTIFF

OPS04208

| | |
|---|---|
| OPS 9, LLC | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION:  MIDDLESEX COUNTY |
| vs. | DOCKET NO. DC-001223-13 |
| | SPECIAL CIVIL PART |
| MARYAM QURESHI | |
| | Civil Action |
| Defendant | |
| | ***CERTIFICATION OF PROOF*** |

The undersigned representative of OPS 9, LLC being duly sworn says:

1.       I am an agent for  OPS 9, LLC who is the credit grantor, purchaser, or assignee of the obligation/debt which is the subject of this litigation.  In that regard I am familiar with the records owned, maintained and/or in possession of OPS 9, LLC to said account.

2.       The claim is not based in attachment or capias or directly or indirectly upon the sale of a chattel, wherein the chattel has truly been repossessed peaceably or by legal process.

3.       To the best of my knowledge the Defendant is not an infant or incompetent person.

4.       There is now due and owing from said Defendant(s) to the Plaintiff the sum of $953.56   Plus interest in the amount of $.00, Attorney's fees in the amount of $.00 (20% of the first $500.00 and 10% of the excess) making a total due of $953.56.

I certify that the foregoing statements made by me are true to the best of my knowledge and belief and I am aware that if any of the statements are willfully false I am subject to punishment.

_____
Account Manager

February 8, 2013

# Exhibit D

**FALONI & ASSOCIATES, LLC**
~~165 PASSAIC AVE, SUITE 301B~~
FAIRFIELD, NJ 07004
973-226-2525
ATTORNEYS FOR PLAINTIFF

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
SPECIAL CIVIL PART

DOCKET NO.: DC-001223-13

*STATEMENT OF ACCOUNT BALANCE*

OPS 9, LLC vs. MARYAM QURESHI

DEBTOR BALANCE: $953.56
INTEREST DUE: $0.00
TOTAL DUE: $953.56

Original Check Amount: $401.25
NSF Fee: $25.00
Statutory Attorney Fee: $21.31
Mailing Cost: $6.00
Damages: $500.00

Statutory attorney fees, court costs, mailing cost of written demand and damages as provided for in NJ Stat. Ann. 2A:32A-1.

Additional Damages

a. Notwithstanding N.J.S.2C:21-5, or any other criminal sanction which may apply, any person who makes any check, draft, or order of withdrawal for the payment of money which is subsequently dishonored for lack of funds or credit to pay, or because the maker does not have an account with the drawee, and who then fails to pay the face amount in cash or by cashier's or certified check within 35 days after the date a demand for payment of dishonored check notice was mailed by or on behalf of a payee by certified mail to the maker's last known address, shall be liable to the payee, in addition to the amount owing upon the check, draft or order, for attorneys' fees, court costs and the costs of mailing the written demand for payment and for damages in an amount equal to $100 or triple the amount for which the check, draft or order is drawn or made, whichever is greater. However, damages recovered under this section shall not exceed by more than $500 the amount of the check, draft or order. For purposes of this section, "date" means the date indicated on the form registering the demand notice as certified mail.

# Exhibit E

