IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------X
MARYAM QURESHI, on behalf of  :
herself and others similarly  : Case No: 2:14-cv-01806-MCA-JBC
situated,                     :
                              :
        Plaintiff,            :
                              :
v.                            :
                              :
OPS, 9 LLC and ANURAG SETT,   :
                              :
        Defendants.           :
                              :
-----------------------------X

------------------------------------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(c)**

------------------------------------------------------------------------------------------------

THE SALVO LAW FIRM, P.C.
185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)

Attorneys for Defendants,
OPS 9, LLC and Anurag Sett

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………...ii

PRELIMINARY STATEMENT………………………………………………………1

STATEMENT OF FACTS……………………………………………………………2

LEGAL ARGUMENT……………………………………………….………………3

    I.    STANDARD FOR CONSIDERATION OF A MOTION TO DISMISS
         PURSUANT TO FED. R. CIV. P. 12(c) ……….…………………………...3

    II.    FAILURE TO COMPLY WITH STATE COURT  PROCEDURAL RULES IS
         NOT A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES
         ACT……………………………………………………………….………...4

    III.    ASSUMING THE FAIR DEBT COLLECTION PRACTICES ACT APPLIES
         TO THE ALLEGED CONDUCT OF THE DEFENDANTS, THE
         DEFENDANTS DID NOT MAKE ANY FALSE, MISLEADING OR
         DECEPTIVE REPRESENTATION TO THE CONSUMER ………….………6

    IV.    ASSUMING THE FAIR DEBT COLLECTION PRACTICES ACT APPLIES
         TO THE ALLEGED CONDUCT OF THE DEFENDANTS AND THE
         DEFENDANTS MADE A FALSE, MISLEADING OR DECEPTIVE
         REPRESENTATION, SUCH REPRESENTATION WAS NOT
         MATERIAL……………………………………………………………….7

    V.    PLAINTIFF'S COMPLAINT FAILS TO IDENTIFY ANY MISCONDUCT
         BEYOND WHICH SHE ASSERTS VIOLATES §1692e AND § 1692n OF THE
         FDCPA……………………………………………………..………….…...8

    CONCLUSION……………………………………………………….………10

i

# TABLE OF AUTHORITIES

## Cases

Dillon v. Riffel-Kuhlman, et al,
574 F. Supp. 2d 1221 (D. KS. 2008)……………………………………...………4

Gonzales v. Arrow Fin. Servs., LLC,
660 F.3d 1055 (9th Cir. 2011)………………………………………..……………..5

Gray v. Stuttell & Associates, et al,
2012 U.S. Dist. LEXIS 43885 (E.D. WA. 2012)…………………………………………6

Hoffman v. Natural Factors Nutritional Prods.,
2014 U.S. Dist. LEXIS 86798 (D. N.J. 2014)…………………………………………3

Jensen v. Pressler & Pressler, LLP,
2014 U.S. Dist. LEXIS 59676 (D. N.J. 2014)…………………………………………7

Nikkel v. Wakefield & Assocs.,
2012 U.S. Dist. LEXIS 164320 (D. Colo. 2012)…………………………………………7

O'Rourke v. Palisades Acquisition XVI, LLC,
635 F.3d 938 (7th Cir. 2011)……………………………………..………………6

Pierce v. Steven T. Rosso, P.A., et al,
2001 U.S. Dist. LEXIS 22024 (D. MN. 2001)…………………………………..………4

Rush v. Portfolio Recovery Associates, LLC,
977 F. Supp. 2d 414 (D. N.J. 2013)……………………………...……………………8

Sayyed v. Wolpoff & Abramson, LLP,
733 F. Supp. 2d 635 (D. MD. 2010)………………………………………………...……6

Tice v. Winslow Twp. Police,
2014 U.S. Dist. LEXIS 94147 (D. N.J. 2014)…………………………………………..…3

Tourgeman v. Collins Financial Services, Inc.,
755 F.3d 1109 (9th Cir. 2014)……………………………………………………………..7

Volden v. Innovative Financial Systems, Inc.,
440 F.3d 947 (8th Cir. 2006)……………………………………………………………6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------X
MARYAM QURESHI, on behalf of    :
herself and others similarly    :  Case No: 2:14-cv-01806-MCA-JBC
situated,                       :
                                :
         Plaintiff,             :
                                :
v.                              :
                                :
OPS, 9 LLC and ANURAG SETT,     :
                                :
         Defendants.            :
                                :
-----------------------------X
```

Defendants OPS 9, LLC and Anurag Sett respectfully submit this Memorandum of Law in support of their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c).

## PRELIMINARY STATEMENT

Plaintiff has filed a purported class action complaint asserting that OPS 9, LLC and Anurag Sett violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. because it failed to comply with certain New Jersey state court procedural rules relative to the content of an application for default judgment filed on behalf of OPS 9, LLC in New Jersey state court. Defendants assert that it is entitled to the dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c) because failure to comply with a state court procedural rule does not constitute a violation of the FDCPA, or in the alternative that the FDCPA does not apply to Defendants because

1

neither Defendant made any false, deceptive, or misleading representation to a consumer, or also in the alternative, if the FDCPA applies to these Defendants and a misrepresentation was made to Plaintiff, such misrepresentation does not meet the materiality requirement of § 1692e.

## STATEMENT OF FACTS

Defendant OPS 9, LLC, through its counsel, filed a collection action against the Plaintiff in New Jersey state court (the collection action is styled *OPS 9, LLC v. Maryam Qureshi*, Docket No. DC-001223-13, Superior Court of New Jersey, Middlesex County (Law Division, Special Civil Part)). Upon no entry of appearance on the part of Ms. Qureshi, OPS 9, LLC filed an application for default judgment. OPS 9, LLC's application for default judgment included a Certification of Proof executed by its chief executive officer, Anurag Sett. Plaintiff, in turn, filed the instant purported class action complaint against both OPS 9, LLC and Anurag Sett alleging that the content of the application for default judgment (including the aforementioned affidavit) failed to comply with certain New Jersey rules of court and, as a result, violated §1692e, §1692f, and §1692n of the Fair Debt Collection Practices Act ("FDCPA"), 15, U.S.C. § 1692, et seq.

**LEGAL ARGUMENT**

**I.**

**STANDARD FOR CONSIDERATION OF A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(c)**

This Court has articulated the standard for the analysis of a motion to dismiss pursuant to Fed. R. Civ. P. 12(c)as follows:

> "Under Federal Rule of Civil Procedure 12(c) a party may move for judgment on the pleadings. The movant under Rule 12(c) must clearly show that no material issue of fact exists and that it is entitled to judgment as a matter of law. In reviewing a Rule 12(c) motion, the court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the nonmovant. 'A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'
> In turn, Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, 'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'
> In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Tice v. Winslow Twp. Police, 2014 U.S. Dist. LEXIS 94147, 2-4 (D.NJ July 11, 2014.)

The Court must consider only the sufficiency of the complaint, any exhibits attached thereto, matters of the public record and any undisputedly authentic documents if the plaintiff's claims are based upon those documents. Hoffman v.

<u>Natural Factors Nutritional Prods.</u>, 2014 U.S. Dist. LEXIS 86798, 3-5 (D. NJ June 26 2014).

**II.**

**FAILURE TO COMPLY WITH STATE COURT PROCEDURAL RULES IS NOT A VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT.**

The crux of Plaintiff's Complaint is that the Defendants violated various provisions of the FDCPA(including § 1692e, § 1692f, and § 1692n)because the content of the application for default judgment filed on behalf of OPS 9, LLC in state court did not comply with certain New Jersey Court Rules (specifically, New Jersey Court Rules 6:6-3, 6:3-2(b), 1:38-7,and 1:38-7(a)). According to Plaintiff, "by violating each of the foregoing New Jersey Court Rules, Defendants violated 15 U.S.C. § 1692, et seq. of the FDCPA." <u>Complaint</u> [Doc. No. 1-1], ¶95. Defendants are unable to locate any judicial opinion from any federal court that stands for the proposition that non-compliance with a state court procedural rule is tantamount to a violation of the FDCPA. In fact, several courts have held that non-compliance with a state court procedural rule does not violate the FDCPA. <u>See</u>, <u>e.g.</u>, <u>Pierce v. Steven T. Rosso, P.A., et al</u>, 2001 U.S. Dist. LEXIS 22024, *4 (D. MN. Dec. 21 2001) ("[t]he court cannot conclude that defendants' failure to strictly abide by Minnesota Rule of Civil Procedure 4.05 constitutes a violation of the FDCPA"); <u>Dillon v. Riffel-Kuhlman, et al</u>, 574 F. Supp. 2d 1221, 1223 (D. KS. 2008) ("[a]t

4

least one federal court has determined that the failure to comply with service of process rules … does not provide a legal basis to sustain a claim that the FDCPA has been violated").

Plaintiff specifically alleges that Defendants violated §1692n "by failing to comply with the laws of the State of Jersey with respect to debt collection practices." Complaint [Doc. No. 1-1], ¶95. §1692n deals with preemption.  As the 9th Circuit Court of Appeals stated:

> "[The] language [of §1692n], coupled with the FDCPA's
> express purpose to promote consistent State action, 15
> U.S.C. § 1692(e), establishes that Congress did not
> intend the FDCPA to preempt consistent state consumer
> protection laws. Statutory damages under the FDCPA are
> intended to deter violations by imposing a cost on the
> defendant even if his misconduct imposed no cost on
> the plaintiff.' State laws permitting plaintiffs to
> recover additional statutory damages increase
> deterrence, thus affording greater protections to
> consumers and operating consistently with the FDCPA.
> Accordingly, we presume that the FDCPA permits
> plaintiffs to recover additional damages under state
> law." Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055,
> 1067 (9th Cir. Cal. 2011)(Internal citations omitted).

Plaintiff's Complaint makes no reference as to what state laws Plaintiff asserts are not preempted by the FDCPA. Plaintiff's Complaint contains no facts or allegations as to how any claim raised under § 1692n relates to any of Plaintiff's claims other than to suggest that non-compliance with New Jersey procedural rules is tantamount to a violation of the FDCPA.  As such, Defendants are entitled to the dismissal of this claim.

<u>III</u>.

**ASSUMING THE FAIR DEBT COLLECTION PRACTICES ACT APPLIES TO THE ALLEGED CONDUCT OF THE DEFENDANTS, THE DEFENDANTS DID NOT MAKE ANY FALSE, MISLEADING OR DECEPTIVE REPRESENTATIONS TO THE CONSUMER.**

The FDCPA focuses solely on a debt collector's communication *to the consumer*. <u>Gray v. Suttell & Associates, et al</u>, 2012 U.S. Dist. LEXIS 43885, *9 (ED Wa. Mar.28, 2012) (Emphasis added.)  The FDCPA does not apply where the alleged misleading or deceptive statement was made to the court rather than the consumer. <u>O'Rourke v. Palisades Acquisition XVI, LLC</u>, 635 F.3d 938, 942-944 (7th Cir. 2011).  Plaintiff alleges that Defendants violated the FDCPA by virtue of the content of an application for default judgment filed in New Jersey Superior Court.  The application for default judgment was not a communication with the consumer, it was a communication with *the Court* requesting consideration. <u>See</u>, <u>e.g.</u>, <u>Sayyed v. Wolpoff & Abramson</u>, LLP, 733 F. Supp. 2d 635 (D. MD. Aug. 20, 2010); <u>Volden v. Innovative Financial Systems, Inc.</u>, 440 F.3d 947 (8th Cir. 2006).  Plaintiff's Complaint does not allege that any communication was made *to her* by either Defendant in connection with the attempted collection of a debt.  Thus, Plaintiff's claims are not actionable under the FDCPA.

6

<u>IV</u>.

**ASSUMING THE FAIR DEBT COLLECTION PRACTICES ACT APPLIES TO THE ALLEGED CONDUCT OF THE DEFENDANTS AND THE DEFENDANTS MADE A FALSE, MISLEADING OR DECEPTIVE REPRESENTATION, SUCH REPRESENTATION WAS NOT MATERIAL.**

Plaintiff complains that the content of an application for default judgment filed on behalf of OPS 9,LLC violates the FDCPA (specifically, § 1692e, §1692e(10), and § 1692e(2)(A)) because the document(s) contains false, misleading, or deceptive representations. Assuming (for the purposes of this motion only) that Plaintiff's allegation is true, any such misrepresentation is not material and is therefore not actionable under the FDCPA. This Court has adopted the position that for a "false, deceptive or misleading" representation to violate § 1692e of the FDCPA, such representation must be *material*. See, <u>Jensen v. Pressler & Pressler, LLP</u>, 2014 U.S. Dist. LEXIS 59676 (D. N.J. Apr. 29, 2014). To be "material" a debt collector's misleading or deceptive statement must have the ability to influence the consumer's decision-making. <u>See</u>, <u>Nikkel v. Wakefield & Assocs.</u>, 2012 U.S. Dist. LEXIS 164320, 51-52 (D. Colo. Nov. 15, 2012). As the Ninth Circuit recently stated in <u>Tourgeman v. Collins Financial Services, Inc.</u>:

> "[I]n assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's *ability to intelligently choose his or her response*. In other words, a debt

7

collector's false or misleading representation must be 'material' in order for it to be actionable under the FDCPA. The purpose of the FDCPA, 'to provide information that helps consumers to *choose intelligently*,' would not be furthered by creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Tourgeman v. Collins Financial Services, Inc., 755 F.3d 1109, 1119 (9th Cir. 2014) (Internal citations omitted) (Emphasis Added).

Plaintiff's Complaint contains no allegation that any misrepresentation on the part of any Defendant to this action had any impact on her ability to intelligently choose her response.   In the fact, the very representations that she is complaining about (the contents of an application for default judgment filed with the state court) require absolutely no choice or response whatsoever to be made by the Plaintiff. To the extent that Defendants made any misrepresentation pursuant to § 1692e of the FDCPA, such misrepresentation is not material and, as a result, is not actionable.

## V.

### PLAINTIFF'S COMPLAINT FAILS TO IDENTIFY ANY MISCONDUCT BEYOND WHICH SHE ASSERTS VIOLATES §1692e AND § 1692n OF THE FDCPA.

In Rush v. Portfolio Recovery Associates, LLC, this Court reasoned that § 1692f is considered to be a "catch-all provision" of the FDCPA for conduct that is unfair but is not specifically identified in any other section of the FDCPA. Rush

8

v. Portfolio Recovery Associates, LLC, 977 F. Supp. 2d 414, 431-432 (D.N.J. Oct. 17, 2013). (Internal citations omitted).   As this Court ruled, "§1692f cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA ... and routinely dismiss § 1692f claims when a plaintiff 'does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA.'" Id. (Internal citations omitted).

Plaintiff's Complaint alleges that Defendants violated §1692e by making false or deceptive misrepresentations and §1692n by failing to comply with New Jersey debt collection practices.   See, Complaint [Doc. No. 1-1], ¶ 90, ¶ 95. Plaintiff's claims asserted under § 1692f (that Defendants engaged in unfair and unconscionable means to collect or attempt to collect a debt) are duplicative with or, at a minimum, intrinsically intertwined with her § 1692e and § 1692n claims. The unfair and unconscionable behavior that Plaintiff complains of is the content of the application for default judgment (which is specifically addressed by § 1692e and § 1692n).   As such, Plaintiff's Complaint fails to identify any misconduct by Defendants which Plaintiff asserts violates other provisions of the FDCPA.

9

## CONCLUSION

In light of the foregoing, Defendants have shown the Court that they are entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  Accordingly, Defendants respectfully that this Court dismiss Plaintiff's Complaint with prejudice.

Dated:   March 20, 2015                THE SALVO LAW FIRM, PC


                                       By: s/  John E. Brigandi
                                            JOHN E. BRIGANDI


                                       185 Fairfield Avenue
                                       Suite 3C/3D
                                       West Caldwell,New Jersey
                                       (973) 226-2220
                                       *jbrigandi@salvolawfirm.com*
                                       Attorneys for Defendants,
                                       OPS 9, LLC. and Anurag Sett