<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARYAM QURESHI, on behalf of herself and others similarly situated,** | : : : : |
| *Plaintiffs,* | : Civil Action No. 14-1806 : |
| v. | : : OPINION |
| **OPS 9, LLC, et al.,** | : : |
| *Defendants.* | : : |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**I.     INTRODUCTION**

This matter comes before the Court by way of Defendants OPS 9, LLC and Anurag Sett's (collectively, "Defendants") Motion for Judgment on the Pleadings [Dkt. No. 26]. The Court decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

**II.    BACKGROUND**

Plaintiff Maryam Qureshi ("Plaintiff") alleges that Defendants, a debt collection company and its president, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The violations arise out of court documents filed by Defendants in a previous debt collection action against Plaintiff in New Jersey state court. Plaintiff brings this action on behalf of herself and others similarly situated. Dkt. No. 1, Notice of Removal, Ex. A, Compl. ¶ 69.

Plaintiff is a resident of Piscataway, New Jersey. Id. ¶ 8. OPS 9 is a company that regularly buys and attempts to collect consumer debt. Id. ¶ 20. In January 2009, Plaintiff issued a check for

$401.25 to Tiffany's for the purchase of personal goods.  Id. ¶ 23.  That check was dishonored in February 2009.  Id.

In January 2013, Defendants filed a debt collection action in New Jersey state court against Plaintiff, attempting to collect the debt owed from the dishonored check.  Id. ¶¶ 22-23.  The Complaint read: "On or about January 30, 2009, Defendant issued and negotiated his/her check in writing and directed to Plaintiff or its assignor and thereby required the drawee bank to pay the sum of $953.56 to the endorser of its assigns."  Id. ¶ 24.  Previous to the filing of the complaint, however, Plaintiff had never received a demand for payment of the debt.  Id. ¶¶ 31-36.  Attached to the complaint was an unredacted copy of Plaintiff's check, which left visible Plaintiff's active bank account number.  Id. ¶ 37.  That account was active at the time and is still active.  Id. ¶ 47.

On March 8, 2013, OPS 9 filed an application for default judgment.  Id. ¶ 38.  The application included a Certification of Proof signed by Mr. Sett, which realleged that Plaintiff owed Defendants $953.56.  Id. ¶¶ 39-40.  The application also included a Statement of Account Balance containing an itemized list of the judgment amount:

> $21.31 as a "Statutory Attorney Fee";
> $6 charged as "Mailing Cost";
> $500 charged as "Damages";
> $25 charged as "NSF Fee"; and
> $401.25 charged as "Original Check Amount"

Id. ¶ 43.  The Statement of Account explained that the "[s]tatutory attorney's fees, court costs, mailing costs of written demand and damages [are] as provided for in N.J. Stat. Ann. 2A:32A-1." Id. ¶ 44.  The application did not have a caption or affidavit identifying the original creditor or the full chain of assignment of the claims, though it did state that Defendants came into ownership of the debt through grant, credit, or assignment.  See id. ¶ 62; id. Ex. C.  Defendants also re-attached a copy of the check showing the original payment amount to Tiffany's, Plaintiff's signature, and a

2

stamp mark reading "RETURN REASON NOT SUFFICIENT FUNDS." Id. Ex. E. Although this time Defendants redacted the account information on the check's face, the information was still visible on the reverse side. Id. ¶ 45-46. Plaintiff alleges that Defendants have used the same tactics when collecting debts and preparing and filing applications for default judgment against others similarly situated. Id. ¶¶ 17, 19, 63.

On February 6, 2014, Plaintiff filed a lawsuit against Defendants in the Superior Court of New Jersey, Middlesex County. Id. ¶ 1. The Complaint asserts a single cause of action based on alleged violations of several FDCPA provisions. Plaintiff alleges that Defendants: (1) failed to send a demand for payment before bringing the collection lawsuit, in violation of N.J. Stat. Ann. 2A:32A-1; (2) failed to identify the original creditor and all assignees in the default judgment application's caption or attached affidavits, in violation of N.J. Ct. Rules 6:6-3 and 6:3-2(b); and (3) failed to redact active financial account info in documents attached to the default judgment application, in violation of N.J. Ct. Rule 1:38. Id. ¶¶ 88-92. Plaintiff alleges that Defendants, in doing so, violated §§ 1692e, 1692f, and 1692n of the FDCPA.

On March 21, 2014, Defendants filed a Notice of Removal under 28 U.S.C. §§ 1331 and 1442, and the case was removed to this Court. Defendants filed their answers and moved for a judgment on the pleadings. Dkt. Nos. 4-5.

### III.  STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Allah v. Brown, 351 F. Supp. 2d 278, 280 (D.N.J. 2004). On a Rule 12(b)(6) motion, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v.

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). Under Rule 12(c), judgment will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988). The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### IV.  ANALYSIS

Defendants urge this Court to dismiss the case because the allegations do not give rise to FDCPA violations. First, they argue that the FDCPA's one-year statute of limitations bars any allegations of wrongdoing associated with the filing of the debt collection action complaint. Second, the failure to comply with state law, standing alone, does not give rise to FDCPA violations. Third, their alleged conduct does not violate the FDCPA.[1] The Court agrees in part and disagrees in part.

#### A. Statute of Limitations

Defendants assert that the Court should not consider certain allegations because they occurred outside of the one-year statutory period. They argue that claims relating to alleged

---

[1] Defendants also argue that the FDCPA does not apply where the alleged misleading or deceptive statement was made to the court, rather than the consumer. The Court disagrees. Pleadings filed with the court may be actionable under the FDCPA, particularly where, as here, the pleading was a communication directed at the defendant-consumer in attempt to collect a debt. See Kaymark v. Bank of Am., N.A., 783 F.3d 168, 178 (3d Cir. 2015) ("Udren contends that a complaint, because it is directed to the court, is not a communication to the consumer subject to §§ 1692e and 1692f. This argument cannot be sustained.").

4

violations in the filing of the collection complaint are time-barred (though they do not challenge the timeliness of violations in the subsequent default application). The Court agrees.

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); see Schaffhauser v. Citibank (S.D.) N.A., 340 F. App'x 128, 131 (3d Cir. 2009) (declining to extend the continuing violation doctrine to the FDCPA's one year statute of limitations). In the instant action, filed in February 2015, Plaintiff alleges FDCPA violations based on the contents of two discrete court submissions: the collection action complaint, filed in January 2014, and the default judgment application, filed in March 2014. For example, Plaintiff alleges that Defendants violated the FDCPA when they attached an entirely unredacted check to the complaint, and they again violated it when they attached a partially redacted check to the default application. In accordance with § 1692k(d), any alleged violations associated with the January 2014 collection complaint occurred over a year from the date Plaintiff filed this lawsuit and are therefore time-barred.

The claims arising from the default judgment application filed March 2014 are not time-barred. See Skinner v. Asset Acceptance, LLC, 876 F. Supp. 2d 473, 477 (D.N.J. 2012) (permitting claim to proceed based on discreet communication that allegedly violated the FDCPA even though prior violative communications fell outside the statute of limitations).

### B. Failure to Comply With State Law

Defendants next argue that Plaintiffs cannot establish a violation of the FDCPA merely by showing that Defendants failed to comply with New Jersey law and New Jersey Court Rules. The Court agrees.

Generally, a "state law violation itself is not a per se violation of the FDCPA." Skinner, 876 F. Supp. 2d at 479. While a defendant's conduct may be contrary to New Jersey law, the

challenged conduct must also stand as a violation of the FDCPA in order for a plaintiff to maintain a claim. Id. (finding defendant's failure to post a bond as required by New Jersey law did not violate FDCPA). Here, Plaintiff ties several claims to violations of state law and state court procedure. Allegations that Defendants violated these laws, standing alone, will not sufficiently allege violations under the FDCPA. Plaintiff must also show that the underlying conduct violates the FDCPA in order to maintain her claims.

### C. FDCPA analysis

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014). The parties only dispute the fourth prong.

Plaintiff asserts that Defendants violated §§ 1692e and 1692f.[2] A fair reading of Plaintiff's Complaint reveals the following claims: Defendants violated § 1692e by (1) failing to send a pre-litigation demand latter; and (2) by failing to identify the original creditor and chain of assignment. Plaintiff reasserts these two arguments under § 1692f, as well as a third claim that Defendants failed to redact financial information in the check they submitted to the Court.

---

[2] Plaintiff asserts violations under §§ 1692e and 1692e(10) (using false, deceptive or misleading representations to collect debts); 1692e(2)(A) (misrepresenting the amount of alleged debts owed); 1692f (unfair and unconscionable means to collect a debt); and (4) 1692f(1) (attempting to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law). Plaintiff also asserts violations under § 1693n for failing to comply with New Jersey laws. Compl. ¶ 95(e). That section addresses conflicts between state law and the FDCPA. See Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 235 n.10 (3d Cir. 2005). Plaintiff concedes, however, that she does not raise any conflicts argument. She states that she included it to support "the foregoing claims that the violation of a state's laws or procedural rules can also form the basis for claims under the FDCPA." Dkt. No. 28, Opp'n Br. at 16. The Court has already addressed that issue above in Sec. IV.B.

6

### 1. Claims under § 1692e

Defendants first argue that the Court should dismiss the claims brought under § 1692e because any alleged false, misleading, or deceptive representations were not material. The Court agrees in part.

Section 1692e provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Section also includes a non-exhaustive list of violative conduct. See 15 U.S.C. §§ 1692(1)-(16). Subsection (10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Subsection (2)(A) prohibits "the false representation of the character, amount, or legal status of any debt."

Claims brought under § 1692e are also subject to a materiality inquiry. Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015). "A statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor." Id. (internal citation omitted). The materiality requirement therefore "does not turn on what an ordinary individual might reasonably understand from a debt collector's communication." Id. (citing United States v. Gaudin, 515 U.S. 506, 509 (1995)). It "preclude[es] only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." Id. at 422.

#### a. Failure to Send Demand Letter

Plaintiff's theory as to the first allegation is not entirely clear. Granting Plaintiff all reasonable inferences and constructions, the Court construes the theory as follows: Defendants requested payment of the check, damages, and other fees pursuant to N.J. Stat. Ann. 2A:32A-1 but never sent a written demand for payment prior to the collection litigation, as required under that

statute. Thus, Plaintiff claims, Defendants' failure to follow the statute's procedural requirement render its attempt to collect the debt unenforceable.

Defendants argue that the failure to include a demand did not impact Plaintiff's decision-making and was therefore not material. The Court disagrees.

Section 2A32:A-1 reads:

> Notwithstanding N.J.S.2C:21-5, or any other criminal sanction which may apply, any person who makes any check, draft, or order of withdrawal for the payment of money, or authorizes an electronic funds transfer, which is subsequently dishonored for lack of funds or credit to pay, or because the maker does not have an account with the drawee, and who then fails to pay the face amount in cash or by cashier's or certified check <u>within 35 days after the date a demand for payment of dishonored check notice was mailed</u> by or on behalf of a payee by certified mail to the maker's last known address, shall be liable to the payee . . . .

N.J. Stat. Ann. § 2A32:A-1(a) (emphasis added).[3] Subsection (c) of the statute details the contents of the written demand. See N.J. Stat. Ann. 2A32:A-1(c).

Although there is virtually no case law discussing the statute, the plain language of subsection (a) indicates that the demand letter is a mandatory prerequisite procedural step to obtaining damages and fees under the section. Because Defendants in the instant case failed to send the required letter, their attempt to collect a judgment and fees pursuant to the statute is unenforceable. See Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 833 (D.N.J. 2011) (finding violation of § 1692e where defendant attempted to collect unenforceable debt). More than just a mere technicality, Defendants' procedural error could plausibly impact Plaintiff's decision to dispute the default application and vacate the judgment. See N.J. Stat. Ann. 4:50-1 (grounds

---

[3] In addition to the amount owed for the dishonored check, the debtor may be liable "for attorneys' fees, court costs and the costs of mailing the written demand for payment and for damages in an amount equal to $100 or triple the amount for which the check . . . is drawn or made, whichever is greater. However, damages recovered under this section shall not exceed by more than $500." Id

8

for relief from final judgment or order); Hous. Auth. of Town of Morristown v. Little, 135 N.J. 274, 283 (1994) (explaining trial court's discretion on equitable grounds to vacate judgment under N.J. Stat. Ann. 4:50-1).  Accordingly, Plaintiffs have sufficiently alleged that Defendants' engaged in "false, deceptive, or misleading representation or means in connection with the collection of" the debt.

### b. Failure to name original creditor or chain of assignment

Plaintiff next alleges that Defendants violated § 1692e by failing to name the original creditor and chain of assignment on the caption of the default application or in attached affidavits. Defendants again argue that the failure was not material.  The Court agrees.

Plaintiff argues that Defendants' conduct violated § 1692e for two reasons.  First, Defendant violated New Jersey Court Rules 6:6-3 and 6:3-2(b).[4]  Second, the application was missing material information, making the debt unrecognizable to Plaintiff.  As explained above, allegations that Defendants violated New Jersey Court Rules is not controlling.  Next, their argument that Defendants' underlying conduct violates § 1692e is not persuasive.  Plaintiff's only support for their argument is a single case from the Northern District of Ohio, Midland Funding LLC v. Brent, 644 F. Supp. 2d 961 (N.D. Ohio 2009) modified on reconsideration, No. 308-1434, 2009 WL 3086560 (N.D. Ohio Sept. 23, 2009).  But that case involved an affidavit containing multiple false claims about a debt, including misleading language about the chain of assignment. Id. at 967-970.  Here, however, Plaintiff does not plausibly allege that the debt was unrecognizable.

---

[4] N.J. Ct. R. 6:6-3 reads: "In any action to collect an assigned claim, plaintiff/creditor shall submit a separate affidavit certifying with specificity the name of the original creditor, the last four digits of the original account number of the debt, the last three digits of the defendant-debtor's Social Security Number (if known), the current owner of the debt, and the full chain of the assignment of the claim, if the action is not filed by the original creditor."  Rule 6:3-2(b) states, "[t]he caption in any action to collect an assigned claim shall name both the original creditor and the current assignee."

She admits that she wrote the check at issue to Tiffany's for $401.25. Compl. ¶¶ 23, 25. Defendants' Certification of Proof identifies OPS9, LLC as the entity who assumed the debt. Id. Ex. C. Defendants attached to the Certification a copy of the check identifying the name of the store where the debt was incurred and the account number from which the debt emanates. See Johns v. Northland Grp., Inc., 76 F. Supp. 3d 590, 599 (E.D. Pa. 2014) (rejecting § 1692e claim based on ambiguity of creditor where creditor identified itself as such, identified the source of debt, and provided account number). Based on Plaintiff's failure to show that the alleged conduct violates § 1692e, this claim is dismissed.

Accordingly, Plaintiff's § 1692e claim based on the failure to send a demand letter will go forward. Plaintiff's § 1692e claim based on the failure to include a caption or affidavit identifying the original creditor and chain of assignment is dismissed.

### 2. Claims under § 1692f

Plaintiff reasserts the same two arguments above under § 1692f. Plaintiff also asserts a new, third argument that Defendants failed to redact account information. Defendant argues that the Court should dismiss the claims brought under § 1692f because it is a catchall provision that cannot be invoked when other sections of the FDCPA already address the complained of conduct. The Court agrees in part. The first two arguments are dismissed as duplicative, but the third will go forward.

15 U.S.C. § 1692f provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(l) specifically prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." This is a "catch-all provision for conduct that is unfair, but is not specifically enumerated in any other section of the FDCPA . . . [It] cannot be the basis for a separate

claim' for conduct that is already explicitly addressed by other sections of the FDCPA." Corson v. Accounts Receivable Mgmt., Inc., No. 13-01903, 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013) (internal citations omitted) (quoting Turner v. Prof'l Recovery Servs., Inc., 956 F. Supp. 2d 573, 580-81 (D.N.J. 2013)).  Accordingly, "[c]ourts have . . . routinely dismissed § 1692f claims when a plaintiff does not identify any misconduct beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." Id. (internal quotations and citation omitted).  Here, Plaintiffs first two allegations under § 1692f mirror her allegations under § 1692e, and she does not point to any additional alleged unfair or unconscionable conduct.  Accordingly, the motion to dismiss the two duplicative claims under 15 U.S.C. § 1692f is granted.

Plaintiff's third theory—i.e., Defendants' failure to redact personal information—states a claim under § 1692f.  Although it is not clear from the complaint, Plaintiff did not raise this theory under § 1692e; she asserts it only as a violation of § 1692f (as well as other statutory provisions).[5] Second, under Third Circuit law, the Court is satisfied that Plaintiff states a claim under the catchall provision, § 1692f.  See Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014) (finding debt collector violated § 1692f(8) by disclosing debtor's account numbers on envelope).  As the court in Douglass noted, "Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection . . . [D]isclosure [of account information] implicates a core concern animating the FDCPA—the invasion of privacy." Id. at 302-03.  The court accordingly found that a debt collector violated § 1692f(8) when it mailed a letter leaving the debtor's account number visible through the envelope's glassine window. Id. at 306.  [T]he account number is not meaningless," the court explained, "it is a piece of information capable of

---

[5] See Opp'n. Br. at 15 ("[T]he inclusion of an active financial account number is an unfair an unconscionable means to collect or attempt to collect a debt, 15 U.S.C. §1692f.").

11

identifying [the plaintiff] as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address." Id. at 305-06.

In light of Douglass, Plaintiff has sufficiently alleged that Defendants' failure to fully redact her account information violated the FDCPA.  Plaintiff alleges that a copy of her dishonored check was attached to the Defendants' Certification of Proof with her account information "plainly visible" on the reverse side of the check.  Compl. ¶¶ 45-46.  Plaintiff also asserts that Defendants' court submissions were filed as public records.  See id. ¶ 37.  Defendants make no attempt to distinguish Douglass or counter Plaintiff's argument on this point.  Plaintiff has therefore stated a claim that Defendants used "unfair and unconscionable means to collect or attempt to collect a debt . . . ." 15 U.S.C. § 1692f.

Accordingly, Plaintiff's § 1692f claim based on the failure to redact financial information in the default application will go forward.

### V. CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings is **GRANTED IN PART** and **DENIED IN PART**.  An appropriate order accompanies this Opinion.

Date: October 21, 2015    /s/ *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**UNITED STATES DISTRICT JUDGE**