<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARYAM QURESHI, on behalf of herself and others similarly situated,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**OPS 9, LLC, et al.,**<br><br>*Defendants*. | **Civil Action No. 14-1806**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on OPS 9, LLC ("OPS 9") and Anurag Sett's ("Sett") (collectively, "Defendants" or "Third Party Plaintiffs") Motion for Summary Judgment against Faloni & Associates ("Faloni" or "Third Party Defendant") on the issues of indemnification and defense, Dkt. No. 51; and Plaintiff Maryam Qureshi's ("Plaintiff") motion for class certification, Dkt. No. 54. On October 25, 2016, the Court held oral argument on both motions. This Opinion further supplements the Court's oral decision in connection with Plaintiff's motion for class certification.

**I.  Ascertainability of Whether Each Debt is a Consumer Debt**

Defendants' and Third Party Defendant's sole argument against certification is that the nature of each debt (i.e., whether it is a consumer debt or a business debt) is not ascertainable. The Court disagrees.

"A party seeking class certification must affirmatively demonstrate his compliance with" Fed. R. Civ. P. 23. <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011). However, prior to

1

assessing the requirements of Rule 23, the Court must first determine whether the plaintiff has shown "by a preponderance of the evidence, that the class is 'currently and readily ascertainable based on objective criteria.'" Carrera v. Bayer Corp., 727 F.3d 300, 306 (3d Cir. 2013) (quoting Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 593 (3d Cir. 2012)). "If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." Marcus, 687 F.3d at 593.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") applies only to the collection of consumer debt, which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Defendants and Third Party Defendant argue that Plaintiff has provided no means to readily identify whether each default judgment concerned a consumer debt or a business debt. In support of this position, Defendants cite to Riffle v. Convergent Outsourcing, Inc., 311 F.R.D. 677 (M.D. Fla. 2015). In Riffle, the Court held that a putative class under the FDCPA was not ascertainable because the plaintiff failed to present any evidence showing that the nature of each putative class member's debt could be identified. Id. at 680-81.

The need to determine whether each debt is a consumer debt does not automatically preclude class certification under the FDCPA; instead, courts "examine the general nature of the debts and the ease of separating consumer from business debts." Butto v. Collecto Inc., 290 F.R.D. 372, 382 (E.D.N.Y. 2013) (quotation omitted); see also Luther v. Convergent Outsourcing, Inc., No. 15-10902, 2016 WL 1698396, at *3–4 (E.D. Mich. Apr. 28, 2016); Jenkins v. Pech, No. 14-41, 2015 WL 3658261, at *8 (D. Neb. June 12, 2015); Roundtree v. Bush Ross, P.A., 304 F.R.D.

2

644, 653–54 (M.D. Fla. 2015); Gold v. Midland Credit Mgmt., Inc., 306 F.R.D. 623, 628–30 (N.D. Cal. 2014). Numerous courts have observed that because "the need to show that the transactions involved in a particular case are consumer transactions is inherent in every FDCPA class action[,] . . . [i]f that need alone precluded certification, there would be no class actions under the FDCPA." Wilkerson v. Bowman, 200 F.R.D. 605, 609 (N.D. Ill. 2001).

In this case, determining whether a debt is a consumer debt, rather than a business debt, is "relatively straightforward." Butto, 290 F.R.D. at 382. Plaintiff argues that the information contained in each default judgment application can be used to identify whether the debt was incurred by an individual or business. In particular, the dishonored checks attached to the applications feature information including the name and address of the person or entity that wrote the check, the identity of the person or entity to whom the check was written, and in some cases, drivers' license information. Sett Aff. ¶ 6, Dkt. No. 60-1. Plaintiff asserts that the name of the account holder, nature of the check (i.e., personal or business), and identity of the entity receiving the check (i.e., whether the entity transacts consumer business) provide enough evidence to determine which debts represent consumer debts.[1]

The Court is satisfied that these details provide "objective criteria" from which class members can be ascertained, and create at least a rebuttable presumption that each prospective class member's debt was consumer in nature. See Gradisher v. Check Enf't Unit, Inc., 203 F.R.D. 271, 277 (W.D. Mich. 2001); Yazzie v. Gurley Motor Co., No. 14-555, 2015 WL 10818834, at *5

---

[1] The evidence Plaintiff provides distinguishes this case from Riffle. In Riffle, the Court held that the class was not ascertainable because the plaintiff had "simply intimated that the records of Defendants or the original creditor will be useful in identifying potential class members." Riffle, 311 F.R.D. at 681. Here, by pointing to the specific records that will be used and explaining how such records will be utilized to identify consumer debts, Plaintiff has done significantly more than the plaintiff in Riffle. See Luther, 2016 WL 1698396, at *3–4 (similarly distinguishing Riffle).

(D.N.M. Oct. 30, 2015). In fact, numerous other courts have authorized similar methods of identifying class members under the FDCPA. See, e.g., Gold, 306 F.R.D. at 629; Roundtree, 304 F.R.D. at 653; Jenkins, 2015 WL 3658261, at *13. Accordingly, ascertainability of the consumer nature of the debt is not a bar to class certification.[2]

## II. CONCLUSION

For the reasons set forth above and expressed at oral argument, Plaintiff's motion for certification of the class is **GRANTED**, pending the Court's approval of Plaintiff's amended class definition. An appropriate Order accompanies this Opinion.

**Dated: October 28, 2016**

                                                   */s Madeline Cox Arleo*
                                                   **MADELINE COX ARLEO**
                                                   **United States District Judge**

---

[2] After the class is certified, if Defendants or Third Party Defendant wish to challenge the consumer nature of any of the debts, they may do so in individual cases. Gradisher, 203 F.R.D. at 277.