## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------X
MARYAM QURESHI, on behalf of   :
herself and others similarly situated,  :
                                                  :   Civil Action No.: 2:14-cv-01806-MCA-JBC
                Plaintiff,          :
   -v-                                 :
                                                :
OPS, 9 LLC and ANURAG SETT,    :
                                                :
              Defendants.     :
                                                :
---------------------------------------------------------X
---------------------------------------------------------X
OPS 9, LLC and ANURAG SETT,    :
                                                :
            Third-Party Plaintiffs,  :
   -v-                                 :
                                                :
FALONI & ASSOCIATES,         :
                                                :
            Third-Party Defendant.  :
---------------------------------------------------------X

_____

### DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION FOR
### ATTORNEYS FEES AGAINST THIRD-PARTY DEFENDANT
_____

                                                     THE SALVO LAW FIRM, P.C.

                                                     185 Fairfield Avenue, Suite 3C/3D
                                                     West Caldwell, New Jersey 07006
                                                     (973) 226-2220
                                                     (973) 900-8800 (fax)

                                                     Attorneys for Defendants/Third-Party Plaintiffs,
                                                     OPS 9, LLC
                                                     Anurag Sett

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………...………….ii

PRELIMINARY STATEMENT……………………………………...…………...1

STATEMENT OF FACTS ……………………………………………………......1

LEGAL ARGUMENT……………………………………………………..........3

    I.    THE HOURS SPENT BY BEDARD AND SALVO WERE
          REASONABLE, NECESSARY AND EFFICIENT.........…...............3

    II.    THE HOURLY RATES CHARGED ARE ACCEPTABLE IN
          THE MARKETPLACE..................................................................4

    III.    OPS 9 SHOULD BE AWARDED ALL FEES AND COSTS............6

CONCLUSION……………………………………………………...................7

# **TABLE OF AUTHORITIES**

## **CASES**

Hensley v. Eckerhart,
461 U.S. 424 (1983)..................................................................................................3

Lozano v. City of Hazleton,
2015 U.S. Dist. LEXIS 139308 (M.D. Pa. Oct. 6, 2015).........................................4

Machado v. Law Offices of Jeffrey H. Ward,
2017 U.S. Dist. LEXIS 102869 (D.N.J. June 30, 2017)..........................................4

Maldonado v. Houstoun,
256 F.3d 181 (3rd Cir. 2001).....................................................................................5

Pa.v. Del. Valley Citizens' Council for Clean Air,
478 U.S. 546 (1986)..................................................................................................3

Stadler v. Abrams,
2018 U.S. Dist. LEXIS 126499 (D.N.J. July 30, 2018).......................................3,4

## **RULES AND STATUTES**

Fair Debt Collection Practices Act, ("FDCPA").......……………......................2,4,5

Defendants/Third-Party Plaintiffs OPS 9, LLC and Anurag Sett (collectively, "OPS 9") respectfully submit this Memorandum of Law in Support of Their Motion for Attorneys' Fees as against Third-Party Defendant Faloni & Associates ("Faloni").

## PRELIMINARY STATEMENT

There is no question that Faloni is required to pay for OPS 9's defense in this matter. The Court entered an Order on October 28, 2016 confirming Faloni's "duty to defend" OPS 9. The instant motion provides detailed time records (the "Time Records") which reflect the attorneys' fees and costs which OPS 9 paid to its national and local counsel (Bedard Law Group and Salvo Law Firm, respectively) in its defense of this matter. The hourly rates of all attorneys are more than acceptable and the activities performed were reasonable, necessary and efficient. As a result, the full amount sought by OPS 9 should be approved by this Court.

## STATEMENT OF FACTS

OPS 9 purchased the account in question (Maryam Qureshi), along with numerous other accounts wherein checks had been returned by the bank due to insufficient funds ("NSF"). See Declaration of Anurag Sett ("Sett Decl."), ¶4. OPS 9 transferred Ms. Qureshi's account, along with many others (collectively, the "Accounts"), to the law firm Faloni for collection. Id., ¶5. Faloni was to file lawsuits as to these Accounts. Pursuant to the collection agreement between OPS 9 and Faloni (the "Collection Agreement"), Faloni agreed to follow all applicable laws in the collection and attempted collection of these accounts. OPS 9 relied upon Faloni to handle these Accounts in a lawful and proper manner. Id., ¶6. The Collection Agreement provided that Faloni would:

> Indemnify, defend, and hold [OPS 9] harmless against liability, loss, or damage, including but not limited to attorney's fees and costs, which may result from any acts of commission or omission by [Faloni], its agents,

> servants, representative (sic), or employees or by reason of any matter or thing arising out of the performance of services by [Faloni] under the Collection Agreement. Id., ¶7.

When filing these lawsuits, Faloni was required by the State of New Jersey to redact account numbers from the copies of the unpaid checks it filed with the Court. Faloni failed to properly redact these account numbers, as well as made other mistakes in the attempted collection of these accounts. Id., ¶8.

On or about February 2014, Plaintiff filed a class action against OPS 9 (the "Lawsuit") for purported violations of the Fair Debt Collection Practices Act ("FDCPA"). Id., ¶9. However, if there were any FDCPA violations, they were made by Faloni, not OPS 9.

OPS 9 retained their national counsel, Bedard Law Group ("Bedard"), to represent them in the Lawsuit. Bedard is located in the Atlanta, Georgia area and is not admitted in the District of New Jersey. Bedard retained the Salvo Law Firm ("Salvo") to act as local counsel in the District of New Jersey and OPS 9 approved the retention. Id., ¶10.

On or about March 27, 2014, OPS 9 requested indemnification and defense from Faloni, pursuant to the Collection Agreement. Id., ¶11.

OPS 9 then filed a Third-Party Complaint against Faloni. Id., ¶12. Later, they filed a motion for summary judgment against Faloni. See Declaration of Cindy D. Salvo, Esq. ("Salvo Decl."), ¶5. The Court entered an Order on October 28, 2016, granting summary judgment as to Faloni's "duty to defend" OPS 9 in this litigation. The Order is attached as Exhibit A to the Salvo Decl.

The Lawsuit has been going on for almost seven years. Id., ¶10. Motion practice has included a motion to dismiss, motions for summary judgment and Plaintiff's motion for class certification. Discovery did not go smoothly, and included numerous discovery disputes and court

appearances. In addition, there were two mediations and a settlement conference. Further, there were almost 2,000 e-mails exchanged amongst the parties. Id.

## LEGAL ARGUMENT

### I.

### THE HOURS SPENT BY BEDARD AND SALVO WERE REASONABLE, NECESSARY AND EFFICIENT

Generally, to determine reasonable attorneys' fees, a court must calculate a "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). To calculate a legal fee award, the Court must determine "the number of hours reasonably necessary to perform the legal services for which compensation is sought. The reasonable number of hours is then multiplied by a reasonable hourly rate for the attorney providing the services, the latter being based on the court's determination of the attorney's reputation, status and type of activity for which the attorney is seeking compensation. The sum of the two figures is the 'lodestar' which can then be adjusted upward or downward based on the contingency of success, and the quality of an attorney's work." Pa.v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 553 (1986). "When taken together, the 'lodestar' is the presumptively reasonable fee." Stadler v. Abrams, 2018 U.S. Dist. LEXIS 126499, *5 (D.N.J. July 30, 2018).

In order to determine if the number of hours spent was reasonable, an attorney seeking fees must present the Court with contemporaneous time records that describe the work done and the hours expended. The Court must then determine that the hours were "not excessive, redundant, or otherwise unnecessary." Id. at *10.

Here, the Time Records submitted reflect necessary work which was performed efficiently by the attorneys at Bedard and Salvo, with no duplication of effort. The Time Records were kept

3

in the ordinary course of each law firm's business, and they were created contemporaneously to the work's being done by the attorney performing the work. The Time Records, thus, are true and correct records of the legal work performed by Bedard and Salvo in this case. The Bedard Time Records reflect $47,985.50 in fees and $1,822.74 in expenses. The Salvo Time Records reflect $45,885.69 in fees and $295.69 in expenses. Salvo Decl., ¶6, Exh. B; Bedard Decl., ¶8, Exh. A.

## II.

### THE HOURLY RATES CHARGED ARE ACCEPTABLE IN THE MARKETPLACE

A reasonably hourly rate is "determined by reference to the marketplace." Id. at *22. The Court is to "assess the experience and skill of the . . . party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill." Id. at *23. See also Lozano v. City of Hazleton, 2015 U.S. Dist. LEXIS 139308, *29 (M.D. Pa. Oct. 6, 2015) (Middle District of Pennsylvania considered hourly rate as compared to "rates charged in the Middle District by similarly experienced and skilled attorneys").[1]

When determining fee petitions, courts in the Third Circuit have "cited approvingly" the Community Legal Services ("CLS") fee structure, which is based on attorneys' experience. Stadler v. Abrams, 218 U.S. Dist. LEXIS 126499, *24 (D.N.J. July 30, 2018).

In Machado v. Law Offices of Jeffrey H. Ward, 2017 U.S. Dist. LEXIS 102869 (D.N.J. June 30, 2017), a Fair Debt Collection Practices Act ("FDCPA") matter, plaintiff's counsel, Brent Vullings, filed a fee petition seeking $425.00 per hour. The Court noted that Mr. Vullings had failed to provide the Court with any details concerning his degree of expertise or the prevailing

---

[1] Thus, although Bedard is located in Atlanta, Georgia, its hourly rates are to be compared to attorneys practicing in the District of New Jersey.

market rate. Id. at *6. Noting that Mr. Vullings had "over ten years of experience," the Court proceeded to employ the CLS fee structure to determine a reasonable rate. See also Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3rd Cir. 2001) (courts in the Third Circuit may use the CLS to determine acceptable hourly rates for fee petitions). The CLS stated that for attorneys with eleven to fifteen years experience, an hourly rate of $360-$440 was permitted. The Court, thus, concluded that Mr. Vullings was entitled to an hourly rate of $360.00 per hour. Id. at *7.

Here, the hourly rates charged were reasonable in the marketplace for attorneys of this level of experience, as follows:

(1) Cindy Salvo has been an attorney for twenty-two (22) years, and has been practicing FDCPA defense for fifteen (15) years. She seeks $300.00 per hour. Salvo Decl., ¶8.

(2) John H. Bedard has been practicing law for approximately twenty-one (21) years and has been practicing FDCPA defense for twenty (20) years. His hourly rate sought is $325.00. Declaration of John H. Bedard ("Bedard Decl."), ¶3.

(3) Michael Chapman has been practicing law for approximately seventeen (17) years and has been practicing FDCPA defense for ten (10) years. His hourly rate sought is $265.00. Id., ¶4.

The CLS states that an attorney with 21-25 years experience is entitled to an hourly rate of $550-$640. See Exhibit C to Salvo Decl. Thus, the hourly rates of $300.00 and $325.00, being sought by Salvo and Bedard, respectively, are certainly reasonable and they should be accepted by the Court.

The CLS also states that an attorney with 16-20 years experience is entitled to $475.00 to $530.00 an hour. Id. Mr. Chapman is, therefore, more than entitled to the $265.00 he is seeking, and this rate should be accepted by the Court.

## III.

### OPS 9 SHOULD BE AWARDED ALL FEES AND COSTS

The fees and costs being sought by OPS 9, which it has already paid to Bedard, are $49,808.24. Bedard Decl., ¶7, Exh. A.

The fees and costs being sought by OPS 9, which it has already paid to Salvo, are $45,885.69. This does not include fees incurred in connection with the instant motion. Salvo Decl., ¶6, Exh. B. Salvo will later submit to the Court a supplementary invoice which will include all time spent on the instant motion. Id., ¶7.

The total fees and costs sought by OPS 9 are $95,693.93 (not including Salvo's fees for the instant motion).

In summary, because the hourly rates sought are actually well below those which would be allowable in the District of New Jersey for these experienced attorneys, and the hours spent were reasonable, necessary and not duplicative, the entire amount of fees and costs sought should be awarded to OPS 9.

## CONCLUSION

For the reasons set forth above, Third-Party Plaintiffs OPS 9, LLC and Anurag Sett's Motion for Attorneys' Fees should be granted in full.

Dated: October 25, 2019

                                                THE SALVO LAW FIRM, P.C.

                                                By: __/s/ Cindy D. Salvo
                                                     CINDY D. SALVO

                                                185 Fairfield Ave, Suite 3C/3D
                                                West Caldwell, New Jersey 07006
                                                (973) 226-2220
                                                (973) 900-8800 (fax)
                                                *csalvo@salvolawfirm.com*

                                                Attorneys for Defendants/Third-Party
                                                Plaintiffs, OPS 9, LLC and Anurag Sett